IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LARRY J. PIERCE,

        Plaintiff,

   v.                                   : Civ. No. 10-677-LPS

DW JOHNSON,

        Defendant.

Larry J. Pierce, Sussex Community Correctional Center, Georgetown, Delaware, Pro Se Plaintiff.

Kenisha LaShelle Ringgold, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

June 7, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

**I.      INTRODUCTION**

Plaintiff Larry J. Pierce ("Plaintiff"), an inmate at the Sussex Community Correctional Center in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and has been granted leave to proceed without prepayment of fees. Presently before the Court is Defendant's Motion to Dismiss for Failure to Prosecute. (D.I. 23) For the reasons set forth below, the Court will grant the Motion to Dismiss.

**II.     BACKGROUND**

Plaintiff filed the instant action alleging Defendant violated his constitutional rights by use of excessive force. (D.I. 2) Defendant answered the Complaint and, on August 17, 2011, the Court entered a scheduling order for discovery and the filing of dispositive motions. Specifically, the Court set a discovery deadline of February 21, 2012 and a dispositive motion deadline of March 21, 2012. (D.I. 14) Defendant served Plaintiff with discovery requests on November 1, 2011 and January 27, 2012. (D.I. 17, 18, 20, 21) To date, Plaintiff has not responded. Defendant noticed Plaintiff's deposition to take place on February 10, 2012. (D.I. 19, 22) Plaintiff did not appear at the appointed time and place.

Defendant filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (D.I. 23) and Plaintiff filed no opposition. Plaintiff last took action in this case on June 3, 2011 when he provided information attached to a USM-285 form submitted to the Court to effect service upon Defendant.

1

III.     **LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Court considers the following factors to determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. Dec. 13, 2010) (not published).

The Court must balance the factors and may dismiss the action even if all of them do not weigh against plaintiff. *See Emerson*, 296 F.3d at 190. Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors need weigh in favor of dismissal).

## IV.     DISCUSSION

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff's failure to take any action in this case since June 2011, his failure to respond to discovery requests, and his failure to attend his own deposition impede Defendant's ability to prepare his trial strategy.

As to the third factor, there is a history of dilatoriness inasmuch as Plaintiff did not respond to discovery requests or respond to the Motion to Dismiss for Failure to Prosecute. As to the fourth factor, since Plaintiff has taken no action for a lengthy period of time, the Court is unable to discern whether his failure to prosecute is willful or in bad faith. As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective. As to the sixth factor, the merits of the claim, the Court cannot determine this factor based upon a review of the pleadings and lack of discovery.

Given Plaintiff's failure to take any action in this case since June 2011, the failure to provide any discovery, and the failure to respond to Defendant's Motion to Dismiss, the Court finds that the *Poulis* factors weigh in favor of dismissal.

V.      **CONCLUSION**

For the above reasons, the Court will grant Defendants' Motion to Dismiss for Failure to Prosecute. (D.I. 23)

An appropriate Order follows.